UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANIEL LAFITTE DUMONDE ]
    Petitioner, ]
     ]
v. ] No. 3:05-0942
     ] Judge Campbell
STATE OF TENNESSEE ]
    Respondent. ]

M E M O R A N D U M

    The petitioner, proceeding *pro se*, is an inmate at the Federal Prison Camp, Maxwell Air Force Base in Montgomery, Alabama. He brings this action pursuant to 28 U.S.C. § 2241 against the State of Tennessee, seeking a writ of habeas corpus.[1]

    According to the petition (Docket Entry No. 1), the State of Tennessee has lodged a detainer against the petitioner. The petitioner seeks to have the detainer removed by claiming that it is illegal, i.e., fundamentally unfair and a denial of due process. Docket Entry No. 1 at pg. 3.

    A petition under § 2241 for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available administrative and judicial remedies for each claim presented in his petition. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). The burden of showing compliance with the exhaustion requirement rests with the petitioner. Darr v. Burford, 339 U.S. 200, 218-219, 70 S.Ct. 587, 597-598 (1950); Clounce v. Pressley, 640 F.2d 271, 273

---

[1] The petition was originally filed in the Middle District of Alabama but, by an order (Docket Entry No. 4) entered October 26, 2005, it was transferred to this judicial district.

(6th Cir.1981).

The petition is silence on the question of exhaustion. Apparently, the petitioner has made no effort, either through administrative or judicial means, to have Tennessee officials remove the detainer prior to coming to federal court. Given the absence of any allegations suggesting that other administrative or judicial remedies are either futile or no longer available, it appears that the petitioner has failed to satisfy the exhaustion requirement.

When a habeas corpus petitioner has failed to exhaust his administrative and judicial remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, supra, at 455 U.S. 422, 102 S.Ct. 1205. Therefore, an appropriate order will be entered dismissing the petition without prejudice to petitioner's right to pursue other remedies that might be available to him. Rule 4, Rules --- § 2254 Cases.[2]

*Todd Campbell*
Todd Campbell
United States District Judge

---

[2] The Court may, in its discretion, apply the Rules Governing § 2254 Cases to a § 2241 petition. Rule 1(b), Rules --- § 2254 Cases.